### INDUSTRIAL COMMISSION v FRITZ

Ohio Appeals, 9th Dist, Wayne Co

No 908. Decided Sept 30, 1932

Gilbert Bettman, Attorney General, Columbus, R. R. Zurmehly, Assistant Attorney General, Columbus, and Marion F. Graven, Prosecuting Attorney, Wooster, for plaintiff in error.

Joseph O. Fritz, Wooster, and Henry Critchfield, Wooster, for defendant in error.

FUNK, J.

Counsel for the commission contend that the court erred in the following particulars:

1. In admitting hearsay testimony.

2. In admitting hypothetical questions which were based upon hearsay testimony.

3. In permitting the plaintiff to read a part of her evidence to the jury a second time and at the close of the case.

4. In refusing to direct a verdict in favor of the Industrial Commission.

5. In sending the transcript of evidence to the jury; which transcript contained not only the evidence admitted but the little evidence which the court had excluded, and which transcript did not show what evidence had been excluded.

Considering the hearsay testimony complained of in connection with the evidence concerning the same matters offered by the commission and brought out on cross-examination of claimant's witnesses by counsel for the commission and otherwise admitted without objection, we think the testimony complained of is in the nature of being merely cumulative and is not prejudicial, especially when considered, as above stated, with all the other evidence brought out by counsel for the commission on cross-examination and offered by counsel on behalf of the commission and other evidence admitted without objection.

For the same reasons we find the hypothetical questions complained of not erroneous or at least not reversible error.

Concerning the claimed reading of part of claimant's evidence a second time.

It will be observed that the material part of this testimony was not admitted at the time the testimony was offered in chief, but was only admitted in rebuttal, as it were, and only for the purpose of reflecting upon the testimony of a witness offered by the commission and as being in substantial contradiction to part of the testimony of said witness. Considering it for that purpose and in the light of the colloquy between or admissions of counsel concerning the effect of certain evidence, we do not find this to be prejudicial error.

Concerning the refusal of the court to direct a verdict for the commission and permitting the transcript of the evidence to go with the jury for use by them in their deliberations, counsel admit that there was little of the evidence excluded by the court.

Considering only the evidence admitted and eliminating not only the evidence excluded but also the so-called hearsay evidence claimed to have been erroneously admitted, we are unanimously of the opinion that the remaining evidence fully warranted the jury in returning a verdict in favor of the claimant; indeed, we do not see how they could have done otherwise.

We therefore find no error in the refusal of the court to direct a verdict, and further find that the sending of the transcript of the evidence to the jury for use in their deliberations could not have been prejudicial to the commission.

Finding no prejudicial error in the record, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur.